UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MALACHI HULL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-793** |
| **CITY OF NEW ORLEANS** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss (Doc. 12). For the following reasons, the Motion is GRANTED, and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

Plaintiff Malachi Hull brought this action against his former employer, the City of New Orleans. Plaintiff alleges that while serving as the Deputy Director for the Department of Safety and Permits for the City of New Orleans, he was subjected to disparate treatment, retaliation, and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. Specifically, Plaintiff contends that he was terminated shortly after he began expressing concerns regarding a potential

1

new city vendor, Transportation Network Company ("TNC"). Plaintiff's Complaint alleges that after expressing concerns about the risks associated with TNC and the "negative impact that an unregulated entity would have on the City," he began being excluded from meetings in which TNC was discussed. Ultimately, Plaintiff alleges that he was terminated "because of his outspoken opposition to TNC."

Defendant The City of New Orleans filed the instant Motion to Dismiss, arguing that Plaintiff's Complaint fails to state a claim for retaliation, hostile work environment, disparate treatment, or retaliation for whistleblowing. This Court will address each in turn.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The court need not, however, accept as true legal conclusions couched as factual allegations.[4] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[2] *Id.*

[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[4] *Iqbal*, 556 U.S. at 678.

2

plaintiff's claims are true.[5]  If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[6]  The court's review "is limited to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[7]

## LAW AND ANALYSIS

Defendant has submitted several arguments in support of its Motion to Dismiss. This Court will address each in turn.

### I. EEOC Charge

At the outset, Defendant notes that although Plaintiff brought a charge with the EEOC and received a right to sue letter before bringing this action, the claims made to the EEOC are different than those brought in this suit.[8] "Title VII requires employees to exhaust their administrative remedies before seeking judicial relief."[9]  Defendant alleges that the sole allegation in Plaintiff's EEOC charge is that Plaintiff was terminated in retaliation for whistleblowing. Plaintiff's Complaint in this Court also brings claims for Title VII retaliation, hostile work environment, and disparate treatment.  Defendant argues that Plaintiff's Complaint should be dismissed because it is "completely outside the *sole* EEOC charge upon which it is allegedly based."  Said differently,

---

[5] *Id.*

[6] *Lormand*, 565 F.3d at 255–57.

[7] *Jones v. Bock*, 549 U.S. 199, 215 (2007).

[8] "Title VII requires employees to exhaust their administrative remedies before seeking judicial relief." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008).

[9] *Id.*

3

Defendant appears to be arguing that Plaintiff has not yet exhausted his administrative remedies for those other claims, as required by law.

Indeed, "Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance."[10] The Fifth Circuit has stated that "a Title VII lawsuit may include allegations 'like or related to allegation[s] contained in the [EEOC] charge and growing out of such allegations during the pendency of the case before the Commission.'"[11] Unfortunately, neither party has provided this Court with Plaintiff's EEOC charge so that it may make a determination as to whether Plaintiff's Complaint is sufficiently related to that charge. Accordingly, the Court cannot properly address this argument.

## II. Retaliation

Next, Defendant argues that Plaintiff's Complaint fails to state a claim for Title VII retaliation. Regarding a Title VII claim of retaliation, the Fifth Circuit has stated that:

> A plaintiff establishes a prima facie case for unlawful retaliation by proving (1) that []he engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action. An employee has engaged in activity protected by Title VII if she has either (1) "opposed any practice made an unlawful employment practice" by Title VII or (2) "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e–3(a).[12]

---

[10] *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006).
[11] *McClain*, 519 F.3d at 273.
[12] *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996).

Here, Plaintiff's Complaint does not set forth any facts under which he could be successful on a Title VII retaliation claim. He does not allege that he engaged in any protected activity, that he opposed any unlawful employment practice, or that he participated in any Title VII investigation. A difference of opinion regarding a legitimate work-related issue does not support a Title VII retaliation claim. Accordingly because Plaintiff's Complaint fails to state a necessary element of a Title VII retaliation claim, his claim is dismissed.

### III. Hostile Work Environment

Next, Defendant alleges that Plaintiff has failed to properly plead a hostile work environment claim. In order to allege a claim of hostile work environment under Title VII, Plaintiff must allege that:

> (1) []he belongs to a protected group; (2) []he was subjected to unwelcome harassment; (3) the harassment complained of was based on [a protected trait]; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.[13]

Title VII prohibits discrimination or harassment of an employee based on his "race, color, religion, sex, or national origin."[14] Plaintiff's Complaint does not allege that he is a member of any of these protected groups nor that the adverse employment actions to which he was subjected were based on any such trait. Indeed, Plaintiff's complaint explicitly states that he was "terminated from his employment because of his outspoken opposition to TNC."[15] Accordingly,

---

[13] *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002).
[14] 42 U.S.C. § 2000e-2 (West).
[15] Doc. 1, p. 5.

Plaintiff fails to allege at least two of the elements required to support a hostile work environment claim under Title VII, and his claim is therefore dismissed.

## IV.  Disparate Treatment

Next, the Defendant alleges Plaintiff has failed to properly plead a disparate treatment claim. A disparate treatment claim under Title VII "refers to deliberate discrimination in the terms or conditions of employment . . . on account of race, national origin, or gender."[16]

> The prima facie elements of a claim for disparate treatment are: (1) that the plaintiff is a member of a protected class under the statute; (2) that he applied and was qualified for a job or promotion for which his employer was seeking applicants; (3) that, despite his qualifications, he was rejected; (4) that afterwards the position remained open and the employer continued to look for candidates with plaintiff's qualifications.[17]

Here again, Plaintiff has failed to allege that he is a member of a protected class. Therefore, he has failed to establish a necessary element of a disparate treatment claim, and this claim likewise fails.

## V.  Whistleblowing

Although his Compliant does not explicitly bring an allegation of retaliation for whistleblowing, both Plaintiff and Defendant address such a claim in their opposition and motion, respectively. Plaintiff allegedly asserted a whistleblowing claim in his charge with the EEOC.

Louisiana Revised Statute § 23:967 states that:

> An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law: (1) Discloses or threatens to disclose a workplace act or practice

---

[16] *Munoz v. Orr*, 200 F.3d 291, 299 (5th Cir. 2000).
[17] *Id.*

6

> that is in violation of state law. (2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law. (3) Objects to or refuses to participate in an employment act or practice that is in violation of law.

Likewise, Louisiana Revised Statute § 42:1169 states that:

> Any public employee who reports to a person or entity of competent authority or jurisdiction information which he reasonably believes indicates a violation of any law or of any order, rule, or regulation issued in accordance with law or any other alleged acts of impropriety related to the scope or duties of public employment or public office within any branch of state government or any political subdivision shall be free from discipline, reprisal, or threats of discipline or reprisal by the public employer for reporting such acts of alleged impropriety. No employee with authority to hire, fire, or discipline employees, supervisor, agency head, nor any elected official shall subject to reprisal or threaten to subject to reprisal any such public employee because of the employee's efforts to disclose such acts of alleged impropriety.

Defendant alleges that Plaintiff fails to state a claim under either of these statutes because he has not alleged that Defendant was engaged in any illegal workplace acts, violations of law, or violations of the Code of Government Ethics. This Court agrees. Plaintiff's Complaint alleges only that he expressed concerns that TNC would be operating outside of the regulations that govern other "for hire" vehicles, such as taxicabs and limousines. He has not alleged that he informed his supervisors that TNC's operations would be in violation of state law, only that its operations would be unregulated. The aforementioned statues require an allegation of a violation of law. Accordingly, the facts of Plaintiff's Complaint do not amount to "whistleblowing" as contemplated by Louisiana Revised Statutes §§ 23:967 and 42:1169. In

addition, Plaintiff's Complaint does not allege the violation of any federal law to which a federal whistleblower statute might apply.[18]

## CONCLUSION

For the foregoing reasons, this Motion is GRANTED, and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.  Plaintiff is granted leave to amend his Complaint within 20 days of this Order to the extent that he can plausibly state a claim under which relief can be granted.

New Orleans, Louisiana this 4th day of January, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[18] "Various federal statutes contain whistle blowing provisions designed to protect employees who report violations of federal law by their employers from retaliation." *Brown v. Henderson*, No. 99-3064, 2000 WL 1762509, at *6 (E.D. La. Nov. 29, 2000) (citing to federal whistleblower laws).