UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MALACHI HULL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-793** |
| **CITY OF NEW ORLEANS** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Leave to Amend his Complaint (Doc. 27). For the following reasons, the Motion is DENIED.

## BACKGROUND

Plaintiff Malachi Hull brought this employment discrimination action against his former employer, the City of New Orleans. Plaintiff alleges that while serving as the Deputy Director for the Department of Safety and Permits for the City of New Orleans, he was subjected to disparate treatment, retaliation, and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. Specifically, Plaintiff contends that he was terminated shortly after he began expressing

1

concerns regarding a potential new city vendor, Transportation Network Company ("TNC").

On January 4, 2016, this Court granted Defendant's Motion to Dismiss, stating that Plaintiff's Complaint had failed to state a claim upon which relief could be granted. Specifically, Plaintiff failed to allege that he was part of a protected class or that he was terminated on the basis of a protected trait. Upon dismissing his Complaint, this Court granted Plaintiff 20 days within which to amend his Complaint to remedy these defects. After no amendment was filed, this Court entered judgment dismissing the case with prejudice on January 26, 2016.

On January 28, 2016, Plaintiff filed the instant Motion, requesting leave to file a proposed amended complaint, which he attached to the motion. By way of explanation for his tardiness, Plaintiff's counsel stated only that he "failed to notice" the Court's January 4 ruling. Defendant has opposed this request both on procedural and substantive grounds.

## **LEGAL STANDARD**

Amendment of pleadings is generally assessed under the liberal standard of Rule 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires." The Fifth Circuit has held, however, that "a party seeking to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension."[8] Thus, with respect to an untimely motion to amend, a party must show good cause under Rule 16(b)(4)

---

[8] *E.E.O.C. v. Service Temps Inc.*, 679 F .3d 323, 333–34 (5th Cir. 2012) (citing Fed. R. Civ. P. 16(b)(4)).

before the trial court will apply the more liberal standard set forth in Rule 15(a).[9] Four factors are relevant to a showing of good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[10]

## LAW AND ANALYSIS

Plaintiff has failed to show good cause for his untimely motion to amend, stating only that counsel "failed to notice" that the Court had dismissed Plaintiff's claims and granted 20 days to amend.

In addition, Plaintiff's proposed amended complaint fails to remedy the deficiencies identified by this Court and again fails to state a claim. Although his proposed complaint adds reference to a protected class, African American, it still does not allege that he was discriminated against or harassed on the basis of this trait. Indeed, Plaintiff's proposed amended complaint explicitly states that:

> On or about July 3, 2014, Plaintiff was terminated from his employment because of his outspoken opposition to TNC being allowed to participate in the "for hire" industry without the same rules and regulations that govern preexisting participants; and his complaints of being subjected to a hostile work environment by being excluded from both internal and external meetings that impacted his position as the Director of the For Hire Vehicle Bureau.[11]

---

[9] *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).
[10] *S & W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003).
[11] Doc. 27-4.

3

Further, Plaintiff's proposed amended complaint still fails to state sufficient facts to support either a whistleblower claim or a Title VII retaliation claim. The proposed complaint does not allege that Defendant was engaged in any illegal workplace acts, violations of law, or violations of the Code of Government Ethics.[12] It also does not allege that Plaintiff was engaged in any protected activity.

Finally, Plaintiff has failed to exhaust the administrative remedies available for most of his claims. "Title VII requires employees to exhaust their administrative remedies before seeking judicial relief."[13] "Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance."[14] The Fifth Circuit has stated that "a Title VII lawsuit may include allegations 'like or related to allegation[s] contained in the [EEOC] charge and growing out of such allegations during the pendency of the case before the Commission.'"[15] Plaintiff's EEOC charge sets forth only a claim of retaliation for whistle-blowing.[16] There are no facts in Plaintiff's EEOC charge that relate to his proposed complaint's claims of disparate treatment, Title VII retaliation, or hostile work environment. Accordingly, he has not exhausted his administrative remedies as to those claims.

---

[12] La. Rev. Stat. §§ 23:967, 42:1169.
[13] *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008).
[14] *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006).
[15] *McClain*, 519 F.3d at 273.
[16] In deciding Defendant's Motion to Dismiss, this Court noted that it had not been provided with Plaintiff's EEOC charge in order to determine whether Plaintiff had exhausted his administrative remedies.

4

For the myriad of reasons addressed above, allowing Plaintiff to reopen this case and amend his complaint would be futile. Plaintiff's motion was untimely and his proposed amendments are insufficient.

## **CONCLUSION**

For the foregoing reasons, this Motion is DENIED, and this case remains DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 7th day of March, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**